THEODORE D. JEROME, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jerome v. Commissioner
Docket No. 28382-91
United States Tax Court
T.C. Memo 1993-131; 1993 Tax Ct. Memo LEXIS 131; 65 T.C.M. (CCH) 2269; March 31, 1993, Filed *131 Theodore D. Jerome, pro se. For Respondent: Keith L. Gorman
LARO
LARO
MEMORANDUM FINDINGS OF FACT AND OPINION LARO, Judge: This case is before the Court on respondent's motion to hold petitioner in default pursuant to Rule 123(a). [1] For purposes of this opinion, we treat respondent's motion as a motion for summary judgment under Rule 121. Respondent determined deficiencies in, and additions to, petitioner's Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b)
Sec. 6654
1978
$ 13,025
$ 6,513
None
1979
7,193
3,597
$ 303.41
The sole issue for decision is whether respondent has met the required burden of proof for the additions to tax for fraud under section 6653(b). We conclude that respondent has met this burden, and, accordingly, hold that petitioner is liable *132 for these additions to tax. FINDINGS OF FACT At the time the petition was filed, petitioner resided in Philadelphia, Pennsylvania. The taxable years at issue are 1978 and 1979. With respect to the 1978 taxable year, petitioner filed a Federal income tax return listing no taxable income. Respondent subsequently determined the following adjustments to petitioner's taxable income: (1) Increase of $ 16,450 attributable to unreported wages from South Jersey Supply Corp. (South Jersey), (2) increase of $ 15,092.81 attributable to unreported miscellaneous income from Shaklee Corp. (Shaklee), (3) decrease of $ 150 attributable to unreported expenses paid in connection with the Shaklee income, (4) increase of $ 4,426 attributable to unreported miscellaneous income from Seyforth Laboratories, Inc. (Seyforth), (5) increase of $ 1,520.19 attributable to unreported interest income from various payers, and (6) decrease of $ 2,250 attributable to exemptions. Based on these adjustments, respondent also determined that petitioner was liable for: (1) A tax deficiency of $ 13,029 which included appropriate adjustments for a general tax credit of $ 105 and self-employment tax of $ 101, and (2) *133 an addition to tax of $ 6,513 for fraud under section 6653(b). With respect to the 1979 taxable year, respondent did not receive a Federal income tax return from petitioner. Accordingly, respondent determined petitioner's taxable income taking into account the following amounts: (1) Miscellaneous income from Shaklee of $ 35,784, (2) interest income from various payers of $ 1,180.72, (3) expenses connected with the Shaklee income of $ 13,352.68, and (4) exemptions of $ 3,000. Based on this taxable income, respondent determined that petitioner was liable for: (1) A tax deficiency of $ 7,193 which included self-employment tax of $ 1,817, (2) an addition to tax of $ 303.41 for an underpayment of estimated taxes under section 6654, and (3) an addition to tax of $ 3,597 for fraud under section 6653(b). On September 9, 1991, respondent issued petitioner a notice of deficiency that included these 1978 and 1979 determinations. On December 6, 1991, petitioner filed a petition with respect to this notice stating: "I categorically deny that a deficiency exists for the years 1978 & 1979 & hereby claim my right to a jury trial under the 7th *134 ". [2] Petitioner designated Philadelphia, Pennsylvania, as his place of trial. On July 2, 1992, this Court served petitioner with a Notice Setting Case for Trial which stated that petitioner's case was set for trial at the trial session in Philadelphia, Pennsylvania, beginning at 10 a.m. on December 7, 1992. The Notice also stated that petitioner's failure to appear at this time and date, or cooperate with respondent beforehand, *135 might result in a dismissal of petitioner's case and an entry of a decision against him. The enclosed Standing Pre-Trial Order set forth certain responsibilities imposed upon the parties and the possible consequences of noncompliance with these responsibilities. On August 13, 1992, respondent's counsel mailed petitioner a letter identifying himself as respondent's counsel and requesting an informal exchange of documents and ideas. Petitioner did not respond to this letter. On September 3, 1992, respondent served petitioner with a request for admissions, and, shortly thereafter, filed the original of the request with the Court. See Rule 90(b). Petitioner did not respond to this request. The request for admissions asks for responses to the following statements: 1. That you received the following compensation from the following sources during 1978 and 1979: (a) 1978 Type
Source
Amount
(i)
W-2 Wage
South Jersey Supply Company
$ 16,450.00 (ii)
1099-Misc
Seyforth Laboratories
$ 4,426.00 a/k/a Slender Now
(iii)
Misc
Shaklee Products
15,092.81 (iv)
Interest
[Various payers]
[ 1,520.19]
(b)
1979
(i)
Misc
Shaklee Products
$ 35,784.00 (ii)
Interest
[Various payers]
[ 1,180.72]
*136 2. You did not file a federal income tax return during the year 1979. 3. You did file a tax return in 1978, but claimed you had no taxable income. 4. All of the amounts listed in request number 1 are taxable to you. 5. You had filed a federal income tax return for years prior to 1978. 6. You were aware the amounts listed in request number 1 were taxable to you at the time they were received. 7. You intentionally did not file a federal income tax return for the year 1979 and did not properly report your income in 1978 even though you were aware you were required to do so. 8. You failed to maintain any records of your income for the years 1978 and 1979. 9. You received Forms 1099 and/or W-2's for the amounts listed in request number 1. 10. At the audit stage of this case you intentionally failed to cooperate with respondent's revenue agent and advanced frivolous arguments which you knew were not valid. 11. In 1978 and 1979 you were a promoter of a tax protest group, Liberty Ministries. 12. Liberty Ministries was a bogus "church" whose only purpose was the attempted avoidance of taxes of its ministers. 13. In 1978 and 1979 you were a promoter of a tax protest *137 group, Life Science Church. 14. Life Science Church was a bogus "church" whose only purpose was the attempted avoidance of taxes of its ministers. * * * 18. At the audit stage you failed to appear in response to a summons. 19. At the audit stage you failed to produce any documents in response to a summons. * * * 23. You were required to make estimated tax payments during the 1979 year. 24. You made no estimated tax payments during the 1979 year. On December 7, 1992, petitioner failed to appear for his trial, and respondent, as a result thereof, made two motions. First, respondent made a motion pursuant to Rule 123(b) asking the Court to dismiss for failure to prosecute the portion of the case for which petitioner has the burden of proof, namely, the amounts in respondent's notice of deficiency that relate to the 1978 deficiency, 1979 deficiency, and 1979 addition to tax under section 6654. Second, respondent made a motion pursuant to Rule 123(a) asking the Court to issue a default judgment against petitioner with respect to the fraud issue. We granted respondent's motion with respect to the issues for which petitioner had the burden of proof, and took respondent's other *138 motion under advisement. OPINION The 50-percent addition to tax for fraud contained in section 6653(b) is a civil sanction that operates primarily to safeguard the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from a taxpayer's fraud. [3]. Petitioner generally must prove by a preponderance of the evidence that respondent's determinations as set forth in the notice of deficiency are incorrect. Rule 142(a); . At trial, we granted respondent's motion for a dismissal under Rule 123(b) with respect to these determinations for which petitioner has the burden of proof. We concluded that, based on petitioner's unexplained absence at trial and our review of the facts and circumstances leading up to this absence, petitioner defaulted by failing properly to prosecute his case or otherwise carry his required burden of proof. Rules 123(b), 142(a); . *139 With respect to respondent's allegation of fraud, however, respondent bears the burden of proving by clear and convincing evidence that petitioner is liable for an addition to tax for fraud. Sec. 7454(a); Rule 142(b). Respondent must meet this burden through affirmative evidence because fraud is never imputed or presumed. . Respondent may rely solely on facts that are deemed admitted under Rule 90(c). ; . To sustain an allegation of fraud under section 6653(b) for 1978 and 1979, respondent must prove both prongs of a two-prong test. Specifically, respondent must prove that: (1) Petitioner underpaid his taxes in 1978 and 1979, and (2) some part of each underpayment was due to fraud. Secs. 6211, 6653(b), (c)(1); . As mentioned above, respondent's degree of proof with respect to both prongs must be clear and convincing. . *140 With respect to the first prong, respondent must prove that, for the years at issue, the tax imposed against petitioner under subtitle A of the Internal Revenue Code exceeds zero. Sec. 6211; see also sec. 301.6211-1(a), Proced. & Admin. Regs. (amount reported considered zero if taxpayer either: (1) Did not file a Federal income tax return, or (2) filed such a return showing no tax imposed). With respect to the second prong, respondent must prove that petitioner intended to evade a tax known or believed to be owing. ; . Fraud may also be shown by circumstantial factors emanating from the taxpayer's entire course of conduct. . These circumstantial factors may be used to prove conduct of a taxpayer that is intended to conceal, mislead, or otherwise prevent the collection of tax. Rowlee v. Commissioner, supra at 1123; , affd. without published *141 opinion ; . The "badges of fraud", which we consider to be nonexclusive, include: (1) Understatement of income, (2) inadequate records, (3) failure to file tax returns, (4) implausible or inconsistent explanations of behavior, (5) concealing assets, (6) failure to cooperate with tax authorities, (7) engaging in illegal activities, (8) attempting to conceal activities, (9) dealings in cash, and (10) failure to make estimated tax payments. , affg. ; see also . In the instant case, respondent served petitioner with a request for admissions, and, shortly thereafter, filed the original of the request with the Court. By failing to respond to this request within 30 days after service, petitioner is deemed to have admitted each matter contained in the request. Rule 90(c). Based on these admissions, we find that petitioner filed "proper" Federal *142 income tax returns before 1977 but intentionally chose not to file such a proper return in 1978 or 1979, notwithstanding that he received compensation during those years which he knew to be taxable income and was cognizant of his obligation to file a proper tax return. We further find that, during 1978 and 1979, petitioner promoted two tax protester groups, Liberty Ministries and Life Science Church, whose only purpose was the avoidance of Federal income taxes. In addition, petitioner did not maintain any records for his 1978 and 1979 income, did not cooperate with respondent's agents at the examination stage (e.g., petitioner presented frivolous arguments and did not respond to respondent's summonses for information), and did not make any required estimated tax payments for 1979. Apart from these deemed admissions, we also note that petitioner did not cooperate with respondent's agents at the pretrial stage, did not comply with our Standing Pre-Trial Order, did not assist in the preparation of his case for trial, and did not appear at the time of his trial. Accordingly, we conclude that petitioner is liable for the alleged additions to tax for fraud under section 6653(b) because *143 petitioner underpaid his Federal income tax for 1978 and 1979, and the indicia of fraud for those years are plentiful. With respect to 1978, petitioner: (1) Intentionally understated his income, (2) kept inadequate records, and (3) failed to cooperate with tax authorities. Likewise, with respect to 1979, petitioner failed to: (1) File a Federal income tax return, (2) keep adequate records, (3) cooperate with tax authorities, or (4) make any of the required estimated tax payments. With respect to both years, petitioner was aware of his obligation to file a "proper" Federal income tax return, as evidenced by his filing of such returns prior to 1977 and his deemed admissions. In addition, petitioner failed to appear for his trial. Although petitioner's failure to appear for trial would not, in and of itself, establish respondent's allegations of fraud, we hold that the record contains adequate averments necessary to support respondent's burden of proof with respect to the allegations of fraud. , affd. . We also note that the conduct on the part of petitioner, *144 coupled with his lack of cooperation with respondent's agents at the pretrial stage, noncompliance with our Standing Pre-Trial Order, and lack of preparation of his case for trial, are other clear attempts by petitioner to conceal the truth of this matter and otherwise prevent the collection of the correct Federal income tax that is due from him. For the foregoing reasons, respondent's motion for summary judgment will be granted. An appropriate order and decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner is confused in the second half of this statement. It is well settled that taxpayers do not have a constitutional right to a jury trial in this Court. ; , affg. . The case cited by petitioner, , was an action to collect taxes brought by the United States in Federal District Court.↩
3. Sec. 1503(a) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2742, amended sec. 6653(b) to increase the addition to tax for fraud from 50 percent to 75 percent. Currently, the 75-percent addition to tax for fraud is contained in sec. 6663. See generally sec. 7721 of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2395-2400 (removes addition to tax for fraud from sec. 6653(b) and inserts in sec. 6663).↩